Breitel, J.
(dissenting). The court evidently concludes that section 669-a of the Code of Criminal Procedure has no application to the ‘ ‘ information ’ ’ filed against the defendant in the Police Court. The basis for this conclusion is the language in section 669-a which enables a defendant to demand disposition of any pending ‘ ‘ untried indictment, information or complaint ” within 180 days after notice to the court and the District Attorney. As the information charging the defendant was a “ felony information ” which could not be tried by the Police Court, it is concluded that section 669-a does not apply.
*308 There is no requirement in the statute that the court in which the indictment, information, or complaint is filed must have the power to try the charge. Nor would such a requirement comport with the purpose of the statute. Insofar as the prisoner and the penal authority are concerned, the important point is that they have both received a communication (the warrant) that the prisoner has been charged with a crime. Once the warrant is received, whether or not it emanates from a court which has the power to try the underlying offense, certain consequences follow. “Rehabilitation ” of the prisoner may be ceased or postponed pending disposition of the new charge against him; his parole status may be altered and impending parole may be denied; and even his day-to-day prison life may be altered. These factors, as well as others, were set forth in the memorandum of the Joint Legislative Committee on Interstate Co-operation — the committee which drafted section 669-a (N. Y. Legis. Ann. [1957], pp. 40-41). In recommending passage of the bill, the committee stressed that the major reason for the six-month limitation was to eliminate these untoward and disruptive conditions as quickly as possible. All of these consequences, of course, would follow the penal authority’s receipt of the warrant whether or not it was issued by a court which had “subject matter” jurisdiction of the underlying offense. This is explicitly recognized in a related statute, section 669-b, the uniform agreement on interstate detainers. This statute provides in article I, which also uses the term “ untried indictments ”, that “ The party states, find that .* * * detainers based on untried indictments, informations or complaints * * * produce uncertainties which obstruct, programs of prisoner treatment and rehabilitation.”
Accordingly, I dissent and vote to reverse the judgment of conviction.
Chief Judge Fuld and Judges Van Voorhis, Bergan and Keating concur with Judge Scileppi; Judge Breitel dissents and votes to reverse in an opinion in which Judge Burke concurs.
Judgment affirmed.